UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSEPH MAIRENA URBINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00464-MPB-MG |
| | ) | |
| MARKWAYNE MULLIN, | ) | |
| SAMUEL OLSEN, | ) | |
| WARDEN CLAY COUNTY JUSTICE CENTER, | ) | |
| TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Joseph Mairena Urbina is a noncitizen who was arrested by U.S. Immigration and Customs

Enforcement ("ICE") officials on June 11, 2026, and is detained at the Clay County Jail in Brazil,

Indiana. Among other claims, he alleges that his detention is unlawful because he has been denied

the opportunity for a bond hearing under 8 U.S.C. § 1226(a). Mr. Urbina now petitions the Court

for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing.

Dkt. 1; dkt. 9.

For the reasons explained below, the Court grants the petition and orders Respondents to

either afford Mr. Urbina an individualized bond hearing or release him from custody, under

reasonable conditions of supervision.

## I.      Background

Mr. Urbina is a citizen and native of Nicaragua. Dkt. 1; dkt 8-1 at 1. He came to the United

States without inspection on September 22, 2022, through the United States-Mexico border near

El Paso, Texas. Dkt. 1; dkt. 8-1 at 2. Mr. Urbina was encountered by U.S. Border Patrol agents and

taken into custody. He was released on parole on November 24, 2022. Dkt. 8 at 2. After, Mr. Urbina moved to the interior of the United States. Dkt. 1 at ¶ 24.

On June 11, 2026, during a scheduled check-in apportionment, Mr. Urbina was arrested pursuant to an administrative warrant, ICE cancelled his parole, and he was issued a Notice to Appear for removal proceedings pursuant to 8 U.S.C. § 1229a. Dkt. 8-1. Mr. Urbina's arrest was pursuant to an administrative warrant citing 8 U.S.C. § 1226. Dkt. 8-1 at 2, 8. The Notice to Appear charges Mr. Urbina with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* at 4, 7. The "arriving alien" checkbox is unmarked. *Id.*

Mr. Urbina is currently being held at the Clay County Jail in Brazil, Indiana. Dkt. 1. His removal proceedings remain pending. Dkt. 1; dkt. 8-1.

## II.    Discussion

Mr. Urbina claims that his current detention violates the INA because he has been unlawfully denied the opportunity for a bond hearing under 8 U.S.C. § 1226. Dkt. 1 at 15-17. He also claims that his detention is unlawful under the Due Process Clause of the Fifth Amendment. *Id.*

Respondents initially argued that Mr. Urbina was mandatorily detained without consideration of bond pursuant to 8 U.S.C. § 1225(b)(2)(A). However, on July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026). In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Urbina who have entered the United States without obtaining

2

lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." Dkt. 10. Thus, it is undisputed that Mr. Urbina is entitled to habeas relief insofar as he is eligible for a bond hearing.

### III.    Scope of Relief

Mr. Urbina requests immediate release from custody. Dkt. 1 at 5. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Urbina's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations. Because the Court has found that Mr. Urbina's detention violates the INA, it need not reach the claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

Finally, the respondents ask the Court to dismiss the petition and direct the petitioner to request a bond hearing through the immigration court. Dkt. 10 at 2. In previous cases, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025); *Mohammed v. Olson*, No.

3

1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *2 (S.D. Ind. Dec. 10, 2025); *Chesme Bazurto v. Olson, et al.*, No. 1:26-cv-00122-SEB-CSW, 2026 WL 285993, *2 (S.D. Ind. Feb. 3, 2026); *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, *2 (S.D. Ind. Dec. 30, 2025); *Choudhary v. Swearningen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026); *Diaz Gonzalez v. Swearningen, et al.*, No. 1:25-cv-02141-RLY-TAB, dkt. 14 at 8-10 (S.D. Ind. Nov. 18, 2025). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court declines an exhaustion requirement now and will instead order the respondents to schedule a bond hearing or release Mr. Urbina.

## IV.    Conclusion

The Court grants the petition to the extent that **no later than ten days from the date of this order**, Respondents must either: (1) provide Mr. Urbina with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Urbina from custody, under reasonable conditions of supervision.[1] Respondents must file documentation certifying that they have either provided Mr. Urbina with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Urbina's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed**

---

[1] This deadline for a bond hearing may be modified without Court involvement upon agreement of Federal Respondents and Petitioner.

to enter final judgment.

**IT IS SO ORDERED.**

Dated: August 7, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Brittni Rivera
Kriezelman Burton and Associates
brivera@krilaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov

5