UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSEPH MAIRENA URBINA, Petitioner, | ) | |
| v. | ) | No. 2:26-cv-00464-MPB-MG |
| MARKWAYNE MULLIN, *et al.*, Respondents. | ) | |

**ORDER DENYING WITHOUT PREJUDICE MOTION TO ENFORCE ORDER GRANTING HABEAS PETITION**

On August 7, 2026, the Court granted Petitioner Joseph Mairena Urbina's petition for writ of habeas corpus and ordered the respondents to either (1) provide him "with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(c) and its regulations," or (2) release Mr. Urbina from custody. Dkt. 11 at 4. The Court entered final judgment. Dkt. 12.

Mr. Urbina has filed a motion to enforce the judgment. Dkt. 14. For the reasons below, the Court **denies** the motion without prejudice for failure to exhaust his administrative remedies.

## I. Background

On August 12, 2026, Immigration Judge Jaime Poarch denied Mr. Urbina's request for release on bond, finding that he is a danger to the community and a flight risk. Dkt. 15-1. The judge stated that this decision was made "[a]fter full consideration of the evidence presented." *Id.*

According to Mr. Urbina, at his bond hearing, he presented 50 pages of evidence—including tax documents, a bond sponsor, letters of recommendation, and a letter from his U.S. citizen wife—that he was not a flight risk. Dkt. 14 at 1. He also presented evidence that he is not a danger to the community, testifying that the state of Illinois moved to dismiss his DUI charge based on a lack of evidence leaving him with no criminal record. *Id*. The Department of Homeland

Security presented no evidence except his DUI arrest record. *Id.* In weighing the evidence, the immigration judge placed the burden of proof on Mr. Urbina. *Id*. at 1, 3.

At the time he filed the instant motion, Mr. Urbina had not appealed the bond denial with the Board of Immigration Appeals, and the Parties have not informed the Court that he has done so since. Dkt. 15 at 6.

Respondents do not challenge any of the above, though they add the following statements. Mr. Urbina was represented by counsel and had the opportunity to testify and present evidence. Dkt. 15. Judge Poarch's order denying bond states that it was held pursuant to 8 C.F.R. § 1236. Dkt. 15-1.

Mr. Urbina now argues that Judge Poarch's denial of bond violates the Court's Order granting relief and the Fifth Amendment's due process clause because she did not allocate the burden of proof or adjudicate the evidence correctly.

For the reasons below, the Court **denies** the motion without prejudice.

## I. Jurisdiction

Respondents argue that 8 U.S.C. § 1226(e) places Mr. Urbina's motion outside this Court's jurisdiction. The Court previously determined that § 1226(a) gave the Attorney General authority to detain Mr. Urbina but also required that he receive a bond hearing. Under § 1226(e), the "Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review." More pointedly: "No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) ("§ 1226(e) precludes an alien from challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release.").

The government argues that § 1226(e) insulates Judge Poarch's denial of bond from judicial review. Yet, while § 1226(e) prohibits judicial review of discretionary judgments of immigration judges, it does not deprive federal courts of jurisdiction to hear *constitutional* challenges to detention in habeas cases. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review . . . . [W]here Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear."); *see also Davila Moreno v. Blanche*, No. 2:26-cv-00426-JPH-MG, dkt 14, at *4–5 (S.D. Ind. July 24, 2026) (collecting cases).

Therefore, to the extent Mr. Urbina asks the Court to review a discretionary decision by Judge Poarch, such review is in fact barred by § 1226(e). Because Mr. Urbina invokes the Fifth Amendment, however, the Court's review must extend beyond § 1226(e).

**II. Exhaustion**

Respondents also oppose the motion to enforce on grounds that Mr. Urbina failed to exhaust available administrative remedies—namely, an appeal to the Board of Immigration Appeals (BIA).

There is no statutory requirement to exhaust remedies in the context of a discretionary bond denial under 8 U.S.C. § 1226(a), so "sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). "In exercising that discretion, [the Court] must balance the individual and institutional interests involved, taking into account 'the nature of the claim presented and the characteristics of the particular administrative procedure provided.'" *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy*, 503 U.S. at 146). There is a "general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy*, 503 U.S. at 144–45; *see also Gonzalez*, 355 F.3d at 1017 ("The Supreme Court has set

out two purposes for exhaustion: protecting administrative agency authority and promoting judicial efficiency.").

But the Seventh Circuit has held that exhaustion is not required when:

> (1) . . . exhaustion . . . causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016.

Respondents argue that the BIA is capable of resolving Mr. Urbina's concerns with Judge Poarch's decision—that he allocated the burden of proof improperly and evaluated the evidence incorrectly.

The Court ordered the Respondents to provide Mr. Urbina "an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations." Dkt. 11 at 4. Neither § 1226(a) nor its regulations place the burden of proof on the government at an administrative bond hearing. He therefore does not ask the Court to compel Respondents to grant the relief the Court previously ordered. He asks the Court to grant new or different relief.

As for the constitutional argument, "due process claims are generally exempt from the exhaustion requirement because the [BIA] does not have authority to adjudicate constitutional issues." *Castaneda-Suarez v. I.N.S.*, 993 F.2d 142, 144 (7th Cir. 1993); *Barragan-Ojeda v. Sessions*, 853 F.3d 374, 380 n.21 (7th Cir. 2017) (Exhaustion is not required when "the BIA itself would be powerless to address the problem, as might be the case with some fundamental constitutional claims . . . such as constitutional challenges to statutory or regulatory provisions."). There is an exception, however, when the petitioner's constitutional claim "involves procedural issues correctable by the administrative tribunal." *Casteneda-Suarez*, 993 F.2d at 144.

For example, in *Rapheal v. Mukasey*, the petitioner argued that her due process rights were violated when an immigration judge failed to warn her about the need to produce corroborative evidence. 533 F.3d 521, 530 (7th Cir. 2008). The Seventh Circuit rejected that argument, reasoning that "[h]ad [petitioner] raised this issue before the Board it could have, if appropriate, remanded the case to the IJ." *Id.*; *see also Capric v. Ashcroft*, 355 F.3d 1075, 1087–88 (7th Cir. 2004) (holding that due process challenge due to lack of interpreter was "procedural in nature" and must be raised before the BIA); *Flores-Aradillas v. Mukasey*, 266 F. App'x 476, 480 (7th Cir. 2008) (unpublished) (exhaustion required when petitioner made a constitutional claim based on "procedural failings that the BIA is capable of addressing" via remand); *Mojsilovic v. Immigration & Naturalization Serv.*, 156 F.3d 743, 748–49 (7th Cir. 1998) (ineffective assistance of counsel claim subject to exhaustion requirement because BIA could have corrected error by remanding case).

Mr. Urbina's challenge to Judge Poarch's assessment of the evidence is quintessentially an issue "correctable by the administrative tribunal." *Castaneda-Suarez*, 993 F.2d at 144. He argues that Judge Poarch looked at evidence on both sides of the issue and reached the wrong result. If so, the BIA can right Judge Poarch's wrong by remanding the case. *Rapheal*, 533 F.3d at 530.

Formally, Mr. Urbina's argument that Judge Poarch misapplied the burden of proof presents a more difficult question. Neither the Supreme Court nor the Seventh Circuit have determined whether due process requires that the government bear the burden of proof in bond hearings. Dkt. 20 at 9; *see also Desir v. Olson*, No. 4:26-CV-00138-SEB-KMB, 2026 WL 1823183, at *4 n.2 (S.D. Ind. June 24, 2026). Meanwhile, the circuits that have answered the question have not answered in unison.[1]

[1] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of

Practically, though, Mr. Urbina's burden-of-proof argument overlaps substantially—if not entirely—with his sufficiency-of-the-evidence argument. He raises multiple challenges seeking remand to the immigration judge with instructions to reassess the evidence through a different lens. "[T]he Agency should have the opportunity, without reaching the constitutional issue, to provide the petitioner the ultimate relief requested in the first instance." *Gonzalez*, 355 F.3d at 1017. The BIA may grant him exactly the relief he seeks independent of the unresolved burden-of-proof claim. Therefore, the BIA is best suited to review the bond hearing and determine what, if any, errors Judge Poarch committed, and this Court declines to intervene before Mr. Urbina exhausts his administrative remedies.

**III. Conclusion**

Mr. Urbina's motion to enforce the Court's previous order, dkt. [14], is **denied without prejudice** because, to the extent it raises claims not barred by 8 U.S.C. 1226(e), Mr. Urbina failed to exhaust them through the administrative process.

**IT IS SO ORDERED.**

Date: 10/14/2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

Distribution:

Brittni Rivera
Kriezelman Burton and Associates
200 West Adams Suite 2211
Chicago, IL 60606
brivera@krilaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh , IV
DOJ-USAO
paul.umbaugh@usdoj.gov